In re **PIONEER INVESTMENT SERVICES COMPANY,**
Debtor.

**CIRCUIT CITY STORES, INC., Appellant,**

v.

**PIONEER INVESTMENT SERVICES COMPANY, Appellee.**

No. 3–94–cv–0124.

United States District Court, E.D. Tennessee.

June 30, 1994.

holding, without analysis of this complicated issue.

Robert B. Hill, Hill & Rainey, Petersburg, VA, for Appellant.

Craig J. Donaldson, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, for Appellee.

*MEMORANDUM OPINION*

JORDAN, District Judge.

This is an appeal from an order entered by the United States Bankruptcy Court for the Eastern District of Tennessee.

These parties brought this contested matter before this court once before. When Pioneer proposed its plan of reorganization for confirmation, the parties resolved an objection filed by Circuit City by agreeing that Pioneer would be entitled to a setoff or credit against its debt owed to Circuit City, measured by reference to the value of certain improved real property which Pioneer would abandon to Circuit City. The bankruptcy court then held a valuation hearing, on the debtor's motion, which resulted in the first order from which Circuit City appealed. This court affirmed the bankruptcy court's order, and Circuit City appealed to the United States Court of Appeals for the Sixth Circuit.

The court of appeals, in an unpublished, *per curiam* opinion filed in case no. 92–5566 on August 13, 1993, affirmed in part and reversed in part this court's decision. The appellate court upheld the decision to value the property abandoned by Pioneer to Circuit City in accordance with evidence concerning its fair market value, as opposed to its liquidation value. With respect to the bankruptcy court's decision not to deduct from this fair market value the estimated cost of disposition of the property, however, the court of appeals found the bankruptcy court's ruling insufficiently explicit, and so remanded the case to allow the bankruptcy court to supplement its reasons for denying the disposition cost deduction. The court of appeals listed possible justifications for the bankruptcy court's decision: there was a lack of sufficient credible evidence that Circuit City would sell the property abandoned to it, the disposition cost deduction was generally inappropriate, or the evidence was insufficient to support a calculation of such a deduction on any basis other than speculation.

Upon remand, this court, of course, remanded the case to the bankruptcy court, to comply with the court of appeals' mandate. In a memorandum filed on December 1, 1993, United States Bankruptcy Judge Richard

Stair, Jr., ruled, "Circuit City did not present sufficient evidence during the trial to permit this court to determine the disposition cost." Judge Stair noted that in the valuation hearing, Pioneer's expert witness, testifying on cross-examination, offered a "guess" that disposition costs would run "somewhere between 5 and 10 percent" of fair market value, and Circuit City's expert witness offered his estimate of such costs at eight to 10 percent of the value of the property, but that neither of these guesses or estimates was supported by evidence concerning "the specific cost items [the experts] included within the general category of disposition cost." Judge Stair wrote, "The court is presented with no solid evidence of the disposition cost associated with a sale of the [property in issue]." The bankruptcy court therefore denied a disposition cost deduction from the credit or offset given to the debtor by reason of its abandonment of this property, and, upon denial of Circuit City's motion for rehearing, which the bankruptcy court read as a motion to alter or amend findings, Circuit City appealed to this court.

On appeal to this court, Circuit City argues that some speculation is part of any expert testimony concerning valuation and anticipated costs, and that it was the duty of opposing counsel to inquire into Circuit City's expert witness' factual bases for his testimony; that the bankruptcy court should have taken judicial notice of the usual range of costs of dispositions of commercial real property in this region; and that the bankruptcy court could have accepted the lowest percentage figure for cost of disposition on which both expert witnesses agreed.

 The court agrees with the appellee's position that the bankruptcy court's decision addressed an issue of fact, and is therefore subject to the "clearly erroneous" standard of review on appeal. Bankr.R. 8013. "The standard of review on appeal is determined by the nature of the action taken below by the bankruptcy court." *In re Terex Corp.*, 984 F.2d 170, 172 (6th Cir.1993).

The bankruptcy court in this case weighed the evidence, and found it insufficient to carry Circuit City's burden of establishing the cost of disposing of the property abandoned

to it. This is analogous to rendering a judgment on partial findings under Fed.R.Civ.P. 52(c) after hearing a party fully on a single issue, which is distinguished from summary judgment under Fed.R.Civ.P. 56 as being subject to the more deferential "clearly erroneous" standard of appellate review. *See* 28 U.S.C.A., Fed.R.Civ.P. 52, Advisory Committee's Note to the 1991 amendment.

*In re Balbus*, 933 F.2d 246 (4th Cir.1991), on which Circuit City relies, is to be distinguished. In *Balbus*, while the bankruptcy court likewise performed a valuation of property of the debtor under 11 U.S.C. § 506(a), and decided not to take into account hypothetical costs of sale of the property, it did so in the context of determining whether undersecured claims against the debtor, combined with unsecured claims, exceeded the limit under which the debtor was eligible to be a chapter 13 debtor. The issue presented was one of statutory interpretation, whether the language in § 506(a), "the value of such creditor's interest in the estate's interest in such property, ... determined in light of the purpose of the valuation and of the proposed disposition or use of such property," requires calculation of such value net of the hypothetical costs of sale in a case in which the debtor proposes to retain the property. Being an issue of statutory interpretation in this context, the court of appeals in *Balbus* properly applied the *de novo* standard of review.

Pioneer argues that the bankruptcy court's decision was not clearly erroneous, because not only were the experts' opinions concerning the projected cost of disposition, measured as a percentage of the fair market value of the property in issue, speculative, but also because no witness provided any evidence concerning what the components of the projected cost of disposition might be. In opposition on this point, Circuit City cites decisions dealing with the existence of substantial evidence to support a tribunal's decision, which is a very different issue from whether there is sufficient evidence to justify relief in the first instance. As for *United States v. L.E. Cooke Company, Inc.*, 991 F.2d 336 (6th Cir.1993), a decision in a condemnation case cited by Circuit City, it deals with

issues of admissibility, not sufficiency, of expert evidence.

■ The court agrees with the debtor that it was for the bankruptcy court to weigh the sufficiency of the evidence offered on this point, and that the outcome of this weighing is not clearly erroneous. As for the argument that the bankruptcy court should have taken judicial notice of what it would cost to dispose of the property abandoned by Pioneer to Circuit City, the appellant's citation to *Memphis Bank & Trust Company v. Whitman*, 692 F.2d 427 (6th Cir.1982), is inapposite. The suggested subjects of judicial notice in that case, market interest rates, are widely published; there is no showing in this record that a "standard" percentage amount for the costs of selling commercial real property is similarly generally available. Furthermore, a reading of the entire pertinent passage from the *Whitman* opinion is telling: "Bankruptcy courts are generally familiar with the current conventional rates on various types of consumer loans. *And where parties dispute the question, proof can easily be adduced.*" *Id.* at 431 (emphasis added).

■ This court respectfully disagrees with the Bankruptcy Court for the Southern District of Ohio that a percentage amount to cover hypothetical costs of sale may be judicially assumed or "routinely assessed." *See In re Smith*, 92 B.R. 287 (Bankr.S.D.Ohio 1988). The difference between the lower guesses or estimates advanced by the expert witnesses who testified in this case—five percent according to one and eight percent according to another—highlights the fact that the percentage amount necessary to cover costs of sales of commercial real property in this region is not an adjudicative fact of the kind which can be judicially noticed under Fed.R.Evid. 201.

■ Finally, this court will not compel the bankruptcy court to accept Circuit City's offer, made in the form of an argument in its brief filed here, to settle for a five percent reduction of the fair market value of the property abandoned by Pioneer. As is stated above, the testimony of Pioneer's expert witness which provided the five percent figure for projected disposition costs was specu-lation elicited on cross-examination. Judge Stair correctly held that this record does not contain sufficient evidence on the basis of which to reduce the fair market value of the property in issue. For the reasons stated, this court will affirm his decision.